IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY B. EZEBUIROH, #19059152, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00256-JPG |
| | ) | |
| DALE EDDINGS, | ) | |
| BRYAN CARTER, | ) | |
| CLAYTON CARTER, | ) | |
| and KENNY BENZING, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Jerry Ezebuiroh, a detainee at Marion County Law Enforcement Center ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at the Jail. (Doc. 1, pp. 1-14). Plaintiff claims that the defendants denied him use of a laptop to review discovery in his criminal case. (*Id*. at pp. 8-11). He seeks money damages from the defendants, employment termination of the defendants, and expungement of his criminal record. (*Id*. at p. 12).

The Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 8-11): Plaintiff represents himself in two criminal proceedings, *i.e.*, Cases 19-CF-134 and 19-CF-279. (*Id.* at p. 8). The discovery for these cases is contained on two discs and one USB. (*Id.*). Plaintiff requested and was denied use of a laptop to review this discovery by the following defendants: (1) Sergeant Dale Eddings from September 25, 2019, to October 3, 2019 (*Id.*); (2) Jail Administrator Kenny Benzing from February 4, 2020, to March 4, 2020 (*Id.* at p. 9); (3) Bryan Carter on February 6, 2020 (*Id.* at p. 10); and (4) Clayton Carter from February 17, 2020, to February 21, 2020 (*Id.* at p. 11).

Based on the allegations, the Court finds it convenient to organize the *pro se* Complaint into the following enumerated Counts:

> **Count 1:** Sergeant Eddings interfered with Plaintiff's access to the Court by denying him access to a laptop for use in reviewing discovery in his criminal case(s) from September 25, 2019, to October 3, 2019.
>
> **Count 2:** Jail Administrator Benzing interfered with Plaintiff's access to the Court by denying him access to a laptop for use in reviewing discovery in his criminal case(s) from February 4, 2020, to March 4, 2020.
>
> **Count 3:** Bryan Carter interfered with Plaintiff's access to the Court by denying him access to a laptop for use in reviewing discovery in his criminal case(s) on February 6, 2020.
>
> **Count 4:** Clayton Carter interfered with Plaintiff's access to the Court by denying him access to a laptop for use in reviewing discovery in his criminal case(s) from February 17, 2020, to February 21, 2020.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Discussion**

Convicted persons have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right of access extends to pretrial detainees. *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). When determining whether prison administrators have violated a plaintiff's right of access to the courts, the court uses a two-part est. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268.

Plaintiff's allegations focus exclusively on the first part of this test. He asserts that each defendant impeded his ability to review discovery in his pending criminal cases. However, he has not satisfied the second part of this test, by setting forth any facts which suggest that the defendants caused some detriment to his criminal case(s). It is unclear whether Plaintiff could pursue this claim, even if he did make this assertion. The offer of an attorney in his criminal cases would preclude Plaintiff from pursuing an access-to-courts claim under Section 1983. *See, e.g., Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal case satisfied state's obligation to provide legal assistance and prisoner had no right to demand law library access in the alternative) (citing *United States ex rel. George v. Lane*, 718 F.2d 226, 227, 233 (7th Cir. 1983) ("[N]o constitutional right exists mandating that the prisoner in the alternative be provided access to a law library should he choose to refuse the services of court-

appointed counsel."). Having failed to satisfy the two-part test for an access-to-courts claim in Counts 1, 2, 3, or 4, the Court finds it appropriate to dismiss all four claims and the Complaint.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 9) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating factors district court must consider when presented with request for counsel by indigent litigant). Plaintiff has demonstrated some efforts to locate counsel on his own, but the Court is not convinced that his efforts to locate an attorney were made in this particular case. Plaintiff has numerous cases pending in this District, and he has not provided written documentation of his communications with attorneys about this matter. The Court is also not persuaded that Plaintiff requires an attorney to represent him in this matter involving straightforward claims of interference with court access. Plaintiff has demonstrated his ability to prepare and file coherent pleadings in this, and other, cases.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1), including **COUNTS 1, 2, 3,** and **4**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that Defendants **DALE EDDINGS, KENNY BENZING, BRYAN CARTER,** and **CLAYTON CARTER** are **DISMISSED** without prejudice because the Complaint states no claim upon which relief may be granted against them.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **June 9, 2020**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*,

34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to Section 1915A review.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED**.

**DATED: 5/12/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**