IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JERRY B. EZEBUIROH, #19059152,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-00256-JPG |
| | ) | |
| **DALE EDDINGS,** | ) | |
| **BRYAN CARTER,** | ) | |
| **CLAYTON CARTER,** | ) | |
| **and KENNY BENZING,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is now before the Court for consideration of the First Amended Complaint filed by Plaintiff Jerry Ezebuiroh on June 1, 2020. (Doc. 14). Plaintiff is a detainee at Marion County Law Enforcement Center ("Jail"), who brings this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at the Jail. (*Id.*). Plaintiff represents himself in two criminal cases and claims that the defendants denied him access to a laptop for use in reviewing discovery in both cases. (*Id.* at 8-19). He seeks money damages from the defendants, employment termination of the defendants, and expungement of his criminal record. (*Id.*).

The First Amended Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**First Amended Complaint**

Plaintiff sets forth the following allegations against Defendants in the First Amended Complaint (Doc. 14, pp. 8-19): Plaintiff represents himself in two criminal cases, *i.e.*, Cases 19-CF-134 and 19-CF-279. (*Id.* at 8, 10, 12-13, 15, 17). The discovery for these cases is contained on two discs and a USB. (*Id.* at 8-18). He asked the following defendants for use of a laptop to review the discovery: (1) Sergeant Dale Eddings in September and October 2019 (*Id.* at 8, 10); (2) Jail Administrator Kenny Benzing in February and March 2020 (*Id.* at 13); (3) Bryan Carter in February 2020 (*Id.* at 15); and (4) Clayton Carter in February 2020 (*Id.* at 17). Defendants denied his requests.

Based on the allegations, the Court finds it convenient to organize the *pro se* First Amended Complaint into the following enumerated counts:

> **Count 1:** Sergeant Eddings interfered with Plaintiff's access to the court by denying him access to a laptop for use in reviewing discovery in his criminal case(s) in September and October 2019.
>
> **Count 2:** Jail Administrator Benzing interfered with Plaintiff's access to the court by denying him access to a laptop for use in reviewing discovery in his criminal case(s) in February and March 2020.
>
> **Count 3:** Bryan Carter interfered with Plaintiff's access to the court by denying him access to a laptop for use in reviewing discovery in his criminal case(s) in February 2020.
>
> **Count 4:** Clayton Carter interfered with Plaintiff's access to the court by denying him access to a laptop for use in reviewing discovery in his criminal case(s) in February 2020.

**Any claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).**

**Discussion**

Prisoners have a fundamental right of meaningful access to the courts, and this right extends to pretrial detainees. *Bounds v. Smith*, 430 U.S. 817 (1977); *Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). When analyzing claims for the denial of court access, the court uses a two-part test. *Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the plaintiff must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268.

Plaintiff's allegations in the original Complaint (Doc. 1) and First Amended Complaint (Doc. 14) focus only on the first prong of this test. He claims that each defendant impeded his ability to review discovery in two pending criminal cases by denying him access to a laptop computer. Plaintiff sets forth no facts which suggest that the defendants caused any detriment to either criminal case. The allegations fail to state any claim for relief against the defendants. Further, given his decision to proceed without a public defender in both criminal cases, Plaintiff is now precluded from bringing an access-to-courts claim pursuant to Section 1983. *Howland v. Kilquist*, 833 F.2d 639, 643 (7th Cir. 1987) (finding that an offer to appoint counsel in a criminal case satisfied state's obligation to provide legal assistance and prisoner had no right to demand law library access in the alternative) (citing *United States ex rel. George v. Lane*, 718 F.2d 226, 227, 233 (7th Cir. 1983) ("[N]o constitutional right exists mandating that the prisoner in the

alternative be provided access to a law library should he choose to refuse the services of court-appointed counsel."). Accordingly, Counts 1, 2, 3, or 4 shall be dismissed with prejudice against the defendants.

### Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 14), including **COUNTS 1, 2, 3,** and **4** against Defendants **DALE EDDINGS, KENNY BENZING, BRYAN CARTER,** and **CLAYTON CARTER** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that the dismissal counts as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff is also **ADVISED** that his obligation to pay the filing fee for this action was incurred when he filed the action; the filing fee of $350.00 remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 6/30/2020**     **s/J. Phil Gilbert**
                         **J. PHIL GILBERT**
                         **United States District Judge**